# IN THE UNITED STATES DISTRICT COURT
# THE EASTERN DISTRICT OF WISCONSIN

**PLAINTIFF**

CALVIN ANTJUAN LEGGETT

vs

**Case Number:**
23-CV-1139

**Amended Complaint**

**DEFENDANTS**

Sergeant Jeremy Bailey, Tiffany Doherty
Warden Michael Meisner
Security Director April Schultz
Captain Belongia
Lieutenant Scheidt all in their individual and
Official capacities



U.S. District Court
Wisconsin Eastern
NOV 9 2023
FILED
Clerk of Court

## I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28. U.S.C. sections 1331, 1343 (a)(3) and 1367 Plaintiff Leggett seeks declatory relief pursuant to 28 U.S.C sections 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Wisconsin is the appropriate venue under 28 U.S.C. 1391(b)(2) because it is where the events giving rise to claim occurred.

Amended Complaint 1

## II. Plaintiff

3. Plaintiff Calvin Antjuan Leggett is and was at all times mentioned herein a prisoner of the State of Wisconsin in the custody of the Wisconsin Department of Corrections. He is currently confined in Foxlake Correctional Institution in Foxlake, WI

## III. Defendants

4. Defendant Sergeant Jeremy Bailey is a correctional officer of the Wisconsin Department of Corrections who at all times mentioned in this complaint, held the rank of Sergeant and is assigned to Foxlake Correctional Institution

5. Defendant Tiffany Doherty is a correctional officer of the Wisconsin Department of Corrections who at all times mentioned in this complaint, held the rank of Sergeant and is assigned to Foxlake Correctional Institution

6. Defendant Michael Meisner is the Warden of Foxlake Correctional Instution he is legally responsible for the operation of Foxlake Correctional Institution and for the welfare of all inmates of said institution

7. Defendant April Schultz is and was the Security Director and PREA Coordinator of Foxlake Correctional Instutiuon all times mentioned in this complaint.

8. Defendant Captain Belongia is a correctional supervisor of the Wisconsin Department of Corrections who at all times mentioned in this complaint held the rank of Captain and was assigned to Foxlake Correctional Institution

9. Defendant Scheidt is a correctional supervisor of the Wisconsin Department of Corrections who at all times mentioned in this complaint held the rank of Lieutenant and was assigned to Foxlake Correctional Institution

## IV. Facts

10. At all times relevant to this case Plaintiff Leggett is and was a prisoner of Foxlake Correctional Institution and was housed on unit 4B cell 443A

11. On May 8, 2023 approximately 9:30 am and upon information and belief Defendant Jeremy Bailey entered Plaintiff's cell to conduct a cell search

12. Plaintiff was inside of the cell when Defendant Jeremy Bailey entered the cell

13. Defendant Jeremy Bailey did not retrieve or remove any contraband from Plaintiff's cell

14. Defendant Jeremy Bailey conducted a pat search on Plaintiff as he lay in his bed

15. Defendant Jeremy Bailey fondled/manipulated Plaintiff's penis and testicle, and continued to fondle/squeeze Plaintiff's inner thigh, shin, foot and several toes.

16. Defendant Bailey then exited Plaintiff's cell.

17. The same day approximately 9:35am and upon information and belief Plaintiff did exit his cell and walked to the dayroom area of unit 4B

18. Plaintiff did approach Defendant Tiffany Doherty and reported to her that he had been sexually assaulted by Defendant Jeremy Bailey inside of his cell.

19. Seconds letter Defendant Jeremy Bailey did scream the comment "are you really gonna do that Leggett, are you really gonna call PREA good luck with that" directing the comment to Plaintiff

**Amended Complaint 3**

20. Several prisoners and Defendant Tiffany Doherty was present when Defendant Jeremy Bailey screamed the comment at Plaintiff in paragraph above. (P. 19)

21. Several prisoners approached Plaintiff after the comments made by Defendant Jeremy Bailey taunting, making derogatory comments, and inquiring of the sexual abuse that took place inside of Plaintiffs cell when Defendant Jeremy Bailey searched Plaintiffs cell.

22. Plaintiff did call PREA services by phone in the dayroom of unit 4B as no immediate action was taken by Defendant Tiffany Doherty after Plaintiff informed her he was sexually abused by Defendant Jeremy Bailey

23. Plaintiff did contact a friend VIA kiosk (email) in the dayroom of unit 4B alerting her that Plaintiff was sexually assaulted by a Correctional Officer and the failure of Foxlake Correctional employees and PREA to address the sexual abuse

24. Approximately 7:30pm the same day, and upon information and belief Plaintiff was called to the Administration building to speak with Defendants Captain Belongia and Lieutenant Scheidt

25. Defendants Belongia and Scheidt did minimize and justify Defendant Jeremy Baileys conduct and did nothing to address Plaintiffs allegation of sexual abuse

26. Defendant Scheidt did claim to be the PREA Coordinator

27. Defendant Lieutenant Scheidt did acknowledge that Defendant Tiffany Doherty did not notify a Supervisor that Plaintiff had disclosed a sexual abuse at the hands of Defendant Jeremy Bailey inside of his cell

**Amended Complaint 4**

28. Defendant Lieutenant Scheidt did acknowledge that Defendant Bailey should have had been supervised as her searched Plaintiffs cell

29. Plaintiff was fearful of continued retaliation and other harm by both Foxlake Correctional employees and prisoners and did not initially disclose the extent of the sexual abuse by Defendant Jeremy Bailey, to PREA services.

30. Plaintiff did disclose the extent of the sexual abuse by Defendant Jeremy Bailey on or about July 7, 2023 to PREA services VIA prisons mailing system and spoke with PREA by phone on or about July 9, 2023.

31. Plaintiff did file grievances through the prisons grievance process and has since exhausted all administrative remedies.

## EXHAUSTION

32. PLAINTIFF HAS EXHAUSTED ALL COMPLAINTS AGAINST DEFENDANTS AT THE FOXLAKE CORRECTIONAL INSTITUTION FLCI-2023-6833 STAFF MISCONDUCT. ICE REPORT-DISMISSED (5-10-23), REVIEWING AUTHORITIES DECISION-DISMISSED (5-10-23), CCE REPORT-DISMISSED (6-14-23), OFFICE OF SECRETARY DECISION-DISMISSED

33. PLAINTIFF HAS EXHAUSTED ALL COMPLAINTS AGAINST DEFENDANTS AT FOXLAKE CORRECTIONAL INSTITUTION FLCI-2023-10449 STAFF SEXUAL MISCONDUCT. ICE RECIEPT (7-14-23), ICE REPORT: PER EXECUTIVE DIRECTIVE 72-DISMISSED (7-14-23) REVIEWING AUTHORITIES DECISION-DISMISSED (7-14-23) CCE REPORT-DISMISSED (7-27-23) OFFICE OF SECRETARY DECISION-DISMISSED (8-16-23)

34. 893.82 NOTICE OF CLAIM AND INJURY SENT TO ATTORNEY GENERAL (8-11-23)

## V. LEGAL CLAIMS

35. Defendant Bailey used excessive force in the form of sexual abuse. Conducting a pat search May 8, 2023 inside of Plaintiff's cell on unit 4B. Fondling/manipulating/squeezing Plaintiffs penis, testicles and inner thigh, to include shin, foot and several toes. Defendant Bailey did not find or remove any contraband from Plaintiffs cell or person. The search of Plaintiffs person was done inside of his cell without supervision and was done only to humiliate Plaintiff and satisfy the sexual desires of Defendant Jeremy Bailey. These illegal actions of Defendant Jeremy Bailey serve no penological interest and violate the rights of Plaintiff under the Eighth Amendment of the Constitution; Plaintiff also incorporates multiple state torts 1 count of negligence, 1 count of assault and battery, and 1 count of intentional infliction of emotional distress. The actions of Defendant Jeremy Bailey caused Plaintiff pain, suffering, emotional distress and mental anguish.

36. Defendant Bailey retaliated against Plaintiff after he reported sexual abuse to Defendant Doherty by screaming the comment "are you really gonna do that Leggett, are you really gonna call PREA good luck with that" May 8, 2023. These actions would ice or deter an ordinary person from reporting sexual abuse, these illegal actions and was done with the intent to further humiliate Plaintiff and deter Plaintiff from reporting sexual abuse. Defendant Jeremy Bailey violated Plaintiff's rights under the First Amendment to the United States Constitution. The illegal actions of Defendant Bailey caused the Plaintiff pain, suffering, emotional distress and mental anguish

37. Defendant Tiffany Doherty failed to report an incident of sexual abuse after Plaintiff disclosed to her he had been sexually abused inside of his cell, by Defendant Bailey May 8,

2023. Defendant Doherty also failed to intervene as Defendant Bailey retaliated against Plaintiff after Plaintiff disclosed to her he had sexually abused by Defendant Bailey May 8, 2023. Defendant Doherty's actions were unlawful as she failed in her duties and obligation to report an incident of sexual abuse and in doing so violated the rights of Plaintiff under the Eighth Amendment to the United States Constitution her inactions amount to deliberate indifference, failure to report, failure to protect, Plaintiff also incorporates 1 state tort of negligence. The actions and inactions of Defendant Doherty caused Plaintiff suffering, emotional distress and mental anguish.

38. Defendant Scheidt minimized and justified Defendants Bailey's conduct after Defendant Bailey sexually abused him. May 8, 2023Defendant Scheidt acknowledged that Plaintiff disclosed to Defendant Doherty that he had been sexually abused by Defendant Bailey and was aware that Defendant Bailey retaliated against Plaintiff after Plaintiff reported sexual abuse and did nothing to address sexual abuse and protect inmate from further risk or harm as he allowed Plaintiff to return to unit 4B where Defendant Jeremy Bailey remained as a Sergeant. Defendant Scheidt's actions violate Plaintiffs rights under the Eighth Amendment to the United States Constitution and amount to deliberate indifference, failure to protect, failure to supervise, failure to train. Plaintiff incorporates 1 state tort of negligence The actions and inactions of Defendant Scheidt caused Plaintiff suffering, emotional distress and mental anguish

39. Defendant Belongia minimized and justified Defendant Baileys conduct after Defendant Bailey sexually abused him. Defendant Scheidt acknowledged that Plaintiff disclosed to

Defendant Doherty that he had been sexually abused by Defendant Bailey and was aware that Defendant Bailey retaliated against Plaintiff after Plaintiff reported sexual abuse and did nothing to address sexual abuse and protect inmate from further risk or harm as he allowed Plaintiff to return to unit 4B where Defendant Jeremy Bailey remained as a Sergeant. Defendant Belongia's actions violate Plaintiffs rights under the Eighth Amendment to the United States Constitution and amount to deliberate indifference, failure to protect failure to supervise, failure to train. Plaintiff incorporates 1 state tort of negligence. The actions and inactions of Defendant Belongia caused Plaintiff suffering, emotional distress and mental anguish.

40. Defendant Warden Michael Meisner knew or should have known after Plaintiff spoke with Defendants Belongia and Scheidt that Defendant Bailey posed a significant risk of harm to Plaintiff as Plaintiff alleged sexual abuse, notified Defendant Doherty, and was retaliated against by Defendant Bailey after reporting sexual abuse yet he allowed Plaintiff to return to unit 4B where Defendant Bailey remained a Sergeant. Given Defendant Baileys complaint and disciplinary history Defendant Meisner knew or should have known Defendant Bailey posed a significant risk of harm to prisoners under his care. Defendant Meisner's actions violate Plaintiffs rights under the Eighth Amendment to the United States Constitution and amount to deliberate indifference, failure to protect, failure to supervise, failure to train. Plaintiff incorporates 1 state tort of negligence The actions and inactions of Defendant Meisner caused Plaintiff suffering, emotional distress and mental anguish

**Amended Complaint 8**

Case 1:23-cv-01139-WCG    Filed 11/09/23    Page 8 of 12    Document 9

41. Defendant Security Director April knew or should have known after Plaintiff spoke with Defendants Belongia and Scheidt that Defendant Bailey posed a significant risk of harm to Plaintiff as Plaintiff alleged sexual abuse, notified Defendant Doherty, and was retaliated against by Defendant Bailey after reporting sexual abuse yet she allowed Plaintiff to return to unit 4B where Defendant Bailey remained a Sergeant. Given Defendant Baileys complaint and disciplinary history Defendant Schultz knew or should have known Defendant Bailey posed a significant risk of harm to prisoners she has a duty to protect. Defendant Schultz's actions violate Plaintiffs rights under the Eighth Amendment to the United States Constitution and amount to deliberate indifference, failure to protect, failure to supervise, failure to train. Plaintiff incorporates 1 state tort of negligence. The actions and inactions of Defendant Schultz caused Plaintiff suffering, emotional distress and mental anguish.

## VI. RELIEF REQUSTED

42. Wherefore Plaintiff respectfully pray that this court enter judgment:

43. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States.

44. Granting the Plaintiff compensatory damages in the amount of $350,000. $100,000 against Defendants Bailey and Tiffany Doherty severally and $150,000 against the remaining Defendants jointly.

45. Granting the Plaintiff punitive damages in the amount of $500,000 against all defendants jointly

46. Plaintiff also seeks a jury trial on all issues triable by jury

Amended Complaint 9

47. Plaintiff also seeks recovery of their cost in this suit.

48. And any additional relief this court deems just, proper and equitable.

Dated October 30, 2023

Respectfully Submitted Calvin Antjuan Leggett #554166

Foxlake Correctional Institution

P.O. Box 200

Foxlake, WI 53933

## VII. Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Foxlake Correctional Institution, Foxlake, WI

Complaint signed this __30th__ day of __October__ 20 __23__

*[signature]*

Respectfully Submitted,

**Amended Complaint 10**

In The United States District Court
For The Eastern District of Wisconsin

I Calvin Antjuan Leggett swear under the penalty of perjury that all documents provided are unaltered and true and concise to the best of my knowledge.

Executed on this 30th day of October 2023

*Calvin A. Leggett*
Respectfully Submitted

In The United States District Court
For The Eastern District of Wisconsin

## Certificate of Service

Case No. 23-CV-1139

I Calvin Antjuan Leggett certify that I have utilized the institution mail system to have a manilla envelope delivered via postage to

    Office of Clerk
    United States District Court
    Eastern District of Wisconsin
    125. S. Jefferson St. Room 102
    Green Bay, WI 54301

I have enclosed the following documents:

1. Amended Complaint - to replace original complaint filed with the Court.

2. Declarations - Gerald Stevens, Cory Welch, Sebastian Lee Struble as declarants having personal knowledge of the matters alleged herein Complaint.