UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN ANTJUAN LEGGETT,

        Plaintiff,

v.                               Case No. 23-C-1139

JEREMY BAILEY,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Calvin Antjuan Leggett, who is representing himself, is proceeding on an Eighth Amendment claim based on allegations that Defendant Jeremy Bailey, a correctional sergeant at Fox Lake Correctional Institution, sexually abused him during a cell search for stolen electronics on May 8, 2023. Leggett alleges in his Amended Complaint that Sgt. Bailey "fondled/manipulated Plaintiffs penis and testicle, and continued to fondle/squeeze Plaintiffs inner thigh, shin, foot and several toes" as he was laying in his bed. Dkt. No. 9, Am. Compl. ¶ 15. The actions of Bailey, Leggett alleges, "caused Plaintiff pain, suffering, emotional distress and mental anguish." *Id.* ¶ 35. The parties filed cross-motions for summary judgment which the court denied in a decision entered on February 18, 2025. Dkt. No. 46.

In denying Bailey's motion for summary judgment, the court focused primarily on the video recording that was filed in support of his motion. The video recording showed Sgt. Bailey proceeding down a hallway at the facility entering each cell, keys in one hand and a piece of paper in the other, before emerging after about 30 seconds and then going on to the next. Bailey was in Leggett's cell for only 26 seconds. In support of his motion for summary judgment, Bailey argued

that given the brief amount of time he was in Leggett's cell and Leggett's inconsistent versions of what happened, no reasonable jury could find in Leggett's favor. Although the court noted that the video evidence was certainly consistent with Bailey's version of events, it was not so definitive as to conclusively disprove Leggett's version of the facts. Where the video evidence does not conclusively refute the prisoner's allegations, summary judgment cannot be granted. *Kailin v. Vill. of Gurnee*, 77 F.4th 476, 483 (7th Cir. 2023) ("We hold therefore that it was error for the district court to conclude that the video left no room for interpretation by a fact finder. And without conclusive video evidence, we have before us a textbook case of disputed facts. In short, the video does nothing to blatantly contradict either side's story."). The court therefore denied Bailey's motion for summary judgment.

Now before the court is the defendant's motion for partial reconsideration of that decision. Bailey contends that the court erred in its decision denying his motion in its entirety. He contends that the motion should have been granted at least as to Leggett's claim for compensatory damages because the conduct he alleges does not constitute a "sex act" within the meaning of 18 U.S.C. § 2246 and thus, in the absence of a physical injury, compensatory damages are barred under 42 U.S.C. § 1997e(e).

The current version of § 1997e(e), enacted as part of the Prison Litigation Reform Act (PLRA) of 1996, reads: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The term "sexual act" is defined by § 2246 as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

2

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246. Bailey contends that Leggett's claim that he fondled his penis and testicles over his clothing does not fall within the definition of a sexual act, and because there is no allegation of a physical injury, Leggett cannot recover for mental or emotional injury. The court thus erred, Bailey contends, in failing to grant summary judgment on Leggett's claim for compensatory damages.

Bailey's argument is not without merit. Indeed, based on the plain language of the statute, an argument could be made that Leggett's case should be dismissed in its entirety. The statute says "no federal civil action may be brought" by a prisoner for mental or emotional injury in the absence of physical injury or the commission of a sexual act, as defined by 18 U.S.C. § 2246. If, as the plain words of the statute suggest, no federal action may be brought absent physical injury or a sexual act, then Leggett's case should arguably be dismissed. Applying the statute in this way would also be consistent with the intent of the PLRA, which was to reduce the number of prisoner lawsuits that were burdening the federal judiciary and wasting legal and financial resources of state and local governments. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998) (citing statistics).

The court of appeals rejected this reading of the statute, however, in *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003). In that case, a prison inmate alleged that correctional staff violated his Eighth Amendment right by subjecting him to a deliberately harassing strip search in front of

3

female guards, thereby imposing cruel and unusual punishment. The district court had dismissed the case at screening for failure to state a claim, but the Seventh Circuit vacated the dismissal and remanded the case for further proceedings. After first holding that the alleged conduct arose to the level of an Eighth Amendment violation, the court addressed the issue of whether the lawsuit was nevertheless barred by § 1997e(e), which at that time did not include an exception for cases alleging commission of a sexual act. The Illinois Attorney General argued that a plain reading of § 1997e(e) barred the suit entirely because "the statute makes a showing of physical injury a filing prerequisite for every civil rights lawsuit involving mental or emotional injury." *Id.* at 940. The Seventh Circuit rejected the Attorney General's argument, reasoning that if taken to its logical extreme, this construction "would give prison officials free reign to maliciously and sadistically inflict psychological torture on prisoners, so long as they take care not to inflict any physical injury in the process." *Id.* The court also noted that § 1997e(e), which is entitled "Limitation on Recovery," prohibited only actions for "mental or emotional injury" in the absence of physical injury, not for other forms of relief. *Id.* The court therefore concluded that even in the absence of any physical injury, prisoners remained free to bring such a lawsuit for other monetary relief, such as nominal damage of $1 and punitive damages.

The court's construction of the statute is not unreasonable, and other courts have construed § 1997e(e) in the same way. *See* Allison Cohn, *Can $1 Buy Constitutionality?: The Effect of Nominal and Punitive Damages on the Prison Litigation Reform Act's Physical Injury Requirement*, 8 U. PA. J. CONST. L. 299, 306–08 (2007). Still, one can reasonably question whether the potential recovery of $1 in nominal damages justifies the time and expense required to resolve a federal lawsuit. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 294 (2021) ("If nominal damages can preserve a live controversy, then federal courts will be required to give advisory opinions

4

whenever a plaintiff tacks on a request for a dollar." (Roberts, C.J., dissenting)). And at least one court has held that punitive damages are not available under § 1997e(e), noting "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that the defendant acted maliciously." *Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C. Cir. 1998). In cases where the evidence supports an award of punitive damages against a guard, it is at least arguable that criminal prosecution provides a more direct and effective response. At the very least, termination of the guard's employment would be warranted.

To be sure, it is unfortunate that there may be some unscrupulous prison officials who take delight in "maliciously and sadistically inflict[ing] psychological torture on prisoners." No reasonable person would want such conduct to occur. But it would seem likely that there are many more prison inmates who take delight or find other benefits in harassing the guards whose sworn duty is to maintain the safety and security of the institutions in which they are confined by filing frivolous lawsuits against them. In this case, for example, it is undisputed that several inmates were unhappy with Sgt. Bailey for searching their cells for the stolen electronics and one inmate in particular attempted to convince other inmates to lodge sexual assault complaints against him. Dkt. No. 33, Def.'s Proposed Findings of Fact, ¶ 22. Whether that was the motive behind Leggett's allegations is for a jury to decide. Without any requirement that prison inmates have some type of physical injury in order to bring a federal lawsuit, however, inmates are free to file lawsuits against prison staff accusing them of the most shameful and despicable acts without any need for the corroborating evidence of an injury. While an inmate filing such a suit might not prevail at trial, the guard must still face the embarrassing allegation in court and the government entity that employs the guard will nevertheless be forced to expend the time and resources needed to defend

such a lawsuit. Of course, the court in which the case is filed will also be required to expend the resources and summon a jury to decide it. For these reasons, Congress's desire to limit such lawsuits is understandable.

In any event, even as limited by *Calhoun*, Sgt. Bailey argues that under § 1997e(e), Leggett is not entitled to compensatory damages for whatever mental or emotional pain he claims to have sustained. Because his allegations do not meet the definition of "sexual act" as defined in 18 U.S.C. § 2246 and he has not alleged a physical injury, Sgt. Bailey contends, § 1997e(e) bars any claim for compensatory damages for mental or emotional injury. The court erred, he argues, in failing to grant his motion for summary judgment as to that claim.

Sgt. Bailey is correct on the law: Leggett's allegations do not amount to a sexual act as defined by § 2246 and, thus, absent a physical injury, Leggett cannot recover for mental or emotional injury. The cases Leggett cites suggesting otherwise predate the amendment to § 1997e(e) adding an exception for sexual conduct, but only conduct that amounts to a sexual act as defined by 18 U.S.C. § 2246. Leggett also argues, however, that he did sustain a physical injury as a result of Sgt. Bailey's conduct. If that is true, then Leggett's claim for compensatory damages for mental and emotional injury would survive.

In response to Sgt. Bailey's motion for reconsideration, Leggett filed a declaration claiming that Sgt. Bailey "roughly fondled/manipulated [his] penis and testicles causing excruciating pain in [his] penis and testicles." Dkt. No. 52, Leggett Decl. ¶ 3. He further claims that Bailey "continued to roughly fondle/squeeze [his] inner thigh leaving a bruise and continued to roughly fondle [his] knee shin foot and several of [his] toes." *Id.* ¶ 4. Leggett claims that afterward he was "in constant pain in [his] penis, testicles and thigh . . . ." *Id.* ¶ 13. Based on these allegations,

6

Leggett argues that he did sustain a physical injury and Bailey's motion for reconsideration should be denied.

Bailey counters by arguing that Leggett never alleged in his complaint or in his deposition that Bailey had squeezed his penis and testicle to such a degree that it inflicted pain, nor did he claim he sustained a bruise on his leg. He was allowed to proceed on his claim of inappropriate sexual touching, Bailey contends, and may not add a claim of physical assault at this stage of the proceeding. Finally, Bailey contends that a bruise does not meet the physical injury requirement of § 1997e(e). Dkt. No. 54, Reply Br. at 3–4.

As a matter of fact, however, Leggett did allege in his amended complaint that Bailey squeezed his penis and testicles, thereby causing him pain. The amended complaint alleges "Defendant Bailey used excessive force in the form of sexual abuse conducting a pat search May 8, 2023, inside of Plaintiff's cell on unit 4B fondling/manipulating/squeezing Plaintiff's penis, testicles and inner thigh, to include shin, foot and several toes." Am. Compl. ¶ 35. The amended complaint further alleges that "the actions of Defendant Jeremy Bailey caused Plaintiff pain, suffering, emotional distress and mental anguish." *Id.* It is true that the allegation of bruising appears new, but even by itself "physical pain can be a physical injury for purposes of § 1997e(e)." *Freeman v. Angle*, No. 3:20-CV-631-JD-MGG, 2023 WL 4763141, at *3 (N.D. Ind. July 25, 2023) (citing *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016); *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012)). *Calhoun v. DeTella* holds that § 1997e(e) acts as a limitation on the types of damages a prisoner may recover in cases without physical injury, not as a bar to suit. 319 F.3d at 940. The fact that Leggett has asserted a claim of sexual abuse against Bailey does not rule out the possibility that in the course of that abuse he also sustained physical injury.

Given Leggett's allegations of squeezing, pain, and now a bruise, the record is not so clear as to warrant dismissing Leggett's claim for compensatory damages on summary judgment. Bailey can renew his motion at the close of evidence if he believes the evidence introduced at trial fails to support a finding of a physical injury, and the court will consider the issue at that time. If the evidence is disputed, the court will also be required to instruct the jury that it may consider an award of damages for mental and emotional injury only if it first finds that Leggett suffered a physical injury. On the record as it now stands, however, Bailey's motion for reconsideration is denied.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of May, 2025.

_____
William C. Griesbach
United States District Judge